**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **Case No.** |
| | : | **7:23-cr-065-WLS-TQL-14** |
| **AMJED HASAN HAJJAJ,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

On July 12, 2023, Defendant Amjed Hasan Hajjaj ("Hajjaj"), along with nineteen additional Defendants were indicted by a grand jury in a forty-three count indictment (Doc. 1). Before the Court the Motion to Sever Defendant Amjed Hasan Hajjaj Pursuant to the Bruton Rule (Doc. 448) ("Motion to Sever") filed September 4, 2024. Therein, Hajjaj asserts that *Bruton* issues will arise in his trial if he is tried together with co-defendants Vernardo Henley ("Henley") and Yardley Payne ("Payne") because they made statements to law enforcement officials that implicate Hajjaj in the commission of the alleged offenses. Hajjaj contends that the Government intends to introduce those statements during a joint trial.

Currently, the Government proposes to schedule the trials of Hajjaj, Henley, and Payne together. In its response (Doc. 502) the Government argues that Hajjaj has not supported his assertion of prejudice through attachment of witnesses statements, affidavits, exhibits, or other potential evidence. The Government requests that Hajjaj's Motion to Sever be denied because "[n]either Mr. Henley nor Mr. Payne made statements to law enforcement implicating anyone, much less Mr. Hajjaj." (Doc. 502 at 3).

In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that admission of a codefendant's confession that implicates the defendant in a joint trial violates the defendant's right of cross-examination under the Confrontation Clause of the Sixth Amendment. Interpreting *Bruton*, the Eleventh Circuit has stated:

> This Court has read *Bruton* to exclude only those statements by a non-testifying defendant which directly inculpate a codefendant. We have emphasized that admission of a codefendant's statement is not error under *Bruton* where the statement was not incriminating on its face, and became so only when linked

1

with evidence introduced later at trial. Thus, for *Bruton* to apply, a codefendant's statement must be clearly inculpatory standing alone.

*United States v. Joyner*, 899 F.3d 1199, 1206–07 (11th Cir. 2018) (alterations adopted) (internal quotation marks and citations omitted). The Government is correct that Hajjaj has not provided any support for his position that *Bruton* is implicated in his case. Further, the Government is apparently unaware of the existence of any statements made by either Henley or Payne that implicate Hajjaj.

Defendant shall have until **Thursday, October 31, 2024**, within which to supplement, ex parte, his motion by presenting evidence of any such co-defendant statements useable by the Government, or a co-defendant, at trial which Defendant contends would violate his rights under *Bruton*. Upon the Court's review of such supplement, if appropriate, the Court will schedule a hearing on the Motion to Sever.

Failure to provide such supplemental evidence will result in the Court denying Defendant's motion without prejudice.[1]

**SO ORDERED**, this 21st day of October 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] This Order does not affect the pending motions to sever filed by Co-Defendants Bobby Leon Kaiser (#3) (Doc. 447) and/or Christopher Fernander Martin (#12) (Doc. 446), which motions shall be resolved by separate Order(s).