# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v.            : | **Case No.** |
| **AMJED HASAN HAJJAJ,** : | **7:23-cr-065-WLS-TQL-14** |
| : | |
| **Defendant.** : | |
| _____ : | |

## ORDER

On July 12, 2023, Defendant Amjed Hasan Hajjaj ("Hajjaj"), along with nineteen additional Defendants were indicted by a grand jury in a forty-three count indictment (Doc. 1). The following matters are before the Court:

1. Defendant Amjed Hajjaj's Motion for Leave of Court to Request a Bill of Particulars (Doc. 452) ("Bill of Particulars Motion); and

2. Defendant Amjed Hajjaj's Motion to Redact Indictment (Doc. 453) ("Motion to Redact" and together with the Motion to Redact, the "Motions").

The Government responses and Hajja's replies have been filed, and the Motions are ripe for decision.

## I. BILL OF PARTICULARS MOTION

Federal Rule of Criminal Procedure 7(f) provides that a defendant may move for a bill of particulars within 14 days after arraignment "or at a later time if the court permits." The Defendant's Bill of Particulars' Motion was filed September 6, 2024. Defendant's current counsel Michael Wallace entered his appearance in this case on September 3, 2024 (Doc. 440). On September 9, 2024 Orders were entered allowing Defendant's former counsel Phillip Cannon, to withdraw and substituting Mr. Wallace as Defendant's counsel. (Docs. 454, 455).

In the Bill of Particular's Motion, Defendant contends that a Bill of Particulars is necessary to clarify the following:

1. The specific acts or conduct by which Defendant allegedly participated in the charged conspiracy;

2. The dates, times, and locations where Defendant allegedly conspired with others or participated in drug-related activities;

3. The nature and quantity of controlled substances that the Government attributes to Defendant as part of the conspiracy;

4. The identification of all known co-conspirators with whom Defendant allegedly engaged in criminal activities; and

5. Any other particulars as necessary to avoid undue prejudice and protect Defendant's rights.

(Doc. 452 at 2). Mr. Wallace states that Defendant has made a good faith effort to obtain additional discovery and clarity from the Government, but at the time of the motion, the "necessary details to prepare an adequate defense remain unclear." (*Id.* at 4).

On September 17, 2024, the Government responded that it had provided Defendant with extensive discovery materials and that the information sought has already been provided to the Defendant. (Doc. 466). The Government states that "[t]his material is searchable by any terms Defendant chooses to employ—such as Defendant's name or nickname, telephone number, date location, etc. Specifically, the Government has provided to Defendant audio and written wiretap material. Here, Hajjaj's exact words are available to Defendant for review." (*Id.* at 4).

What has become apparent to the Court is that there was a delay in the transfer of discovery between Defendant's former and present counsel. This was resolved by the Court's Order (Doc. 494) entered on October 4, 2024, clarifying that Defendant's prior counsel, Philip Cannon, was authorized to, and directing Mr. Cannon to, transfer all discovery materials in his possession, including the government-funded hard drive, to new counsel, Michael Wallace, in accordance with the Court's prior Protective Order (Doc. 299).

Accordingly, Defendant's Motion for Leave of Court to Request a Bill of Particulars (Doc. 452), which is essentially general in nature as to its asserted support, is **DENIED, AS MOOT**.

II. **MOTION TO REDACT**

Under Federal Rule of Criminal Procedure 7(d) the Court, provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." "Surplusage is defined as 'immaterial or irrelevant allegations in an indictment . . . which may,

2

however, be prejudicial.'" *United States v. Hernandez*, No. 1:02-CR-730, 2006 WL 8453535, at *5 (N.D. Ga. May 9, 2006) (quoting Advisory Committee's Note, Fed. R. Crim. P. 7(d)).

A motion to strike surplusage from an indictment should not be granted "unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. . . . [T]his is a most exacting standard." *United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992) (internal quotation marks and citation omitted). "[E]ven when prejudice can be shown, the Court should not strike the information contained in the indictment if it is relevant to the charged offense." *United States v. Williams*, No. 07-80179, 2008 WL 4867748, at *3 (S.D. Fla. Nov. 10, 2008) (citing *United States v. Scarpa*, 913 F.2d 993, 1013 (2nd Cir. 1990)).

In his Motion to Redact, Hajjaj requests the Court order the following redactions to the Indictment:

1. All references to non-trial co-defendants, including but not limited to their names, statements, and actions.
2. Any statements or evidence that refer to activities undertaken by non-trial co-defendants, particularly statements that may imply Hajjaj's involvement in criminal activity that is unrelated to their conduct.
3. Any language that could lead to spillover prejudice, including broad references to the conspiracy involving individuals other Hajjaj.

(Doc. 453 at 3). The Government's position is that it is premature to prepare a redacted Indictment at this time because the proposed grouping of the defendants to be tried together is not final. (Doc. 468). Hajjaj contends that because of the complexity inherent in conspiracy cases, any delay in redacting unnecessary or irrelevant details risks compromising the integrity of the trial process and Hajjaj's right to a fair trial as guaranteed by the Fifth and Sixth Amendments. (Doc. 470 at 3). The Indictment was filed under seal, and remains under seal. The Court finds Hajjaj's contention that delaying the redaction process "perpetuates the presence of prejudicial references in the indictment, which can adversely affect jury selection, if not redacted and public perception" is totally without merit.

The Government notified the Court and Hajjaj that it will agree to redact substantive counts of co-defendants who are not on trial with Hajjaj. The Parties disagree as to the extent

3

the names, statements, and actions of the non-trial co-defendants must be redacted from the conspiracy charge (Count One).

The Court intends to follow its normal trial procedures in this case, including redacting counts relating to non-trial, co-defendants from the Indictment. In view of the Government's response and that redactions can and will be made, Defendant's Motion to Redact Indictment (Doc. 453) is **DENIED, WITHOUT PREJUDICE**. Once the order of trials is finalized and preliminary redactions are proposed by the Government, or ordered by the Court, Defendant may refile his motion, if he wishes, upon appropriate legal grounds.

**SO ORDERED**, this 28th day of October 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**